# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

ADDONES SPENCER                                                          PETITIONER

v.                              NO. 2:13CV00059 SWW/HDY

ANTHONY HAYNES, Warden,                                                  RESPONDENT
F.C.I. Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

<u>DISPOSITION</u>

Petitioner Addones Spencer ("Spencer") is a prisoner at the Federal Correctional Institution in Forrest City, Arkansas, the warden of which is respondent Anthony Haynes ("Haynes"). On November 7, 2012, Spencer allegedly bit a Bureau of Prisons ("BOP") staff member. <u>See</u> Document 13, Exhibit A, Attachment 3 at 4. Shortly thereafter, Spencer was placed in "four-point restraints," where he remained until the following day. <u>See</u> Document 13, Exhibit A at 5.

On November 8, 2012, Spencer was charged with a "Code 224 assault." <u>See</u> Document 13, Exhibit A at 4. An Incident Report was prepared, and a copy of it was given to him. <u>See</u> Document 13, Exhibit A at 4. It described the charge against him and outlined his rights. <u>See</u> Document 13, Exhibit A at 4. In the days that followed, several errors were discovered in the Incident Report, and it was re-written on at least two occasions. <u>See</u> Document 13, Exhibit A at 4.

On March 13, 2013, a disciplinary hearing was held. During the hearing, the Disciplinary Hearing Officer ("DHO") confirmed the following:

> … that [Spencer] had received a copy of the Incident Report prior to the Disciplinary Hearing, confirmed his right to remain silent, his right to staff representation, and his right to call witnesses. …
>
> … that [Spencer] waived his right to staff representation. …
>
> … that [Spencer] had not called any witnesses. …

<u>See</u> Document 13, Exhibit A at 4. The DHO found that some evidence supported the charge against Spencer, and she imposed a sanction of "the loss of [twenty-seven] days of earned good conduct time, [twenty-seven] days of non-vested good conduct time, disciplinary segregation of [forty-five] days, and 365 days loss of commissary privileges." <u>See</u> Document 13, Exhibit A at 5.

In May of 2013, Spencer commenced the case at bar by filing a <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he advanced the following four claims: (1) he was placed in "four-point restraints" without the benefit of a hearing and was forced to remain so restrained for three to four days without food or water and "was forced to move his bowels while in [the] restraints and lay in that bodily waste for days," <u>see</u> Document 1 at 34; (2) the Disciplinary Hearing Officer ("DHO") was not impartial because she allowed the Incident Report to be re-written; (3) Spencer was not provided with a copy of a "staff delay form" each time the Incident Report was re-written; and (4) his right to due process was violated because the DHO relied upon false information in convicting Spencer.

Haynes responded to Spencer's petition by asking that it be dismissed. Haynes maintained that it should be dismissed for the following three reasons: (1) Spencer failed to exhaust his administrative remedies prior to filing his petition pursuant to 28 U.S.C. 2241, (2) the disciplinary process comported with the requirements of due process, and (3) the DHO's decision is supported by some evidence in the record as required by <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985).

Spencer, in reply, acknowledged that he failed to exhaust his administrative remedies but maintained that he was prevented from doing so by BOP officials. Spencer also offered additional argument in support of his claims.

Having reviewed the record, it is not necessary to resolve the question of whether Spencer's failure to exhaust his administrative remedies should be excused. It is not necessary because his claims warrant no relief. It is thus recommended that the petition be dismissed, all requested relief be denied, and judgment be entered for Haynes.

Spencer first maintains that he was placed in "four-point restraints" shortly after allegedly biting a BOP staff member. Spencer maintains that he was so restrained without the benefit of a hearing for three to four days without food or water and "was forced to move his bowels while in [the] restraints and lay in that bodily waste for days," see Document 1 at 34.

A federal prisoner may challenge the execution of his sentence by means of a petition filed pursuant to 28 U.S.C. 2241. See Matheny v. Morrison, 307 F.3d 709 (8th Cir. 2002); Bell v. United States, 48 F.3d 1042 (8th Cir. 1995). The undersigned understands "execution" to mean the manner in which a sentence is served. See United States v. Peterman, 249 F.3d 458 (6th Cir. 2001). A challenge to some aspect of a federal prisoner's conditions of confinement, though, is cognizable in a proceeding pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A challenge to the use of restraints is generally understood to be a challenge to the conditions of confinement. See Key v. McKinney, 176 F.3d 1083 (8th Cir. 1999).

In challenging the use of the "four-point restraints," Spencer is not challenging the execution of his sentence, or more precisely, he is not challenging some aspect of the disciplinary process or the punishment that was imposed upon his conviction for biting the BOP staff member. Instead, Spencer is challenging an aspect of his conditions of confinement and is attempting to do so in a proceeding pursuant to 28 U.S.C. 2241. He cannot raise his challenge in this context; instead, his challenge must be raised in a Bivens action. The undersigned therefore recommends that this claim be dismissed without prejudice.

Spencer next maintains that the DHO was not impartial because she allowed the Incident Report to be re-written. It is undisputed that it was re-written on more than one occasion.[1] The record reflects that at a minimum, the Incident Report was re-written on December 19, 2012, to "add the inmate's register number to the body of the report and to correct spelling errors" and was re-written again on January 31, 2012, to "add the corrected dates and codes." See Document 13, Exhibit A, Attachment 3 at 7-8. The errors in the initial Incident Report and it subsequent re-writings are of little consequence, though, and warrant no relief for at least three reasons. First, as a general proposition, typographical errors in an incident report do not support a due process violation. See

---

[1]

Blair Summers, a BOP legal assistant, maintains that the Incident Report was re-written on two occasions, i.e., on December 19, 2012, and again on January 31, 2013. See Document 13, Exhibit A at 4. Spencer maintains that it was re-written on three occasions, see Document 1 at 4, and there is support in the record for his position, see Document 13, Exhibit A, Attachment 3 at 13 ("This incident report #2373066 is delayed due to three re-writes from the author for corrections last made on January 31, 2013.") and Document 13, Exhibit A, Attachment 3 at 26 ("Incident Report was rewritten a third time ..."). This conflict need not be resolved, though, because it does not affect the disposition of this claim.

Hairston v. Boyce, 2008 WL 2095771 (D.N.J. 2008). Several of the errors appear to have been nothing more than typographical errors. Second, to the extent the other errors were of a more substantial nature and therefore possibly implicate due process concerns, Spencer has failed to cite a single BOP policy that prohibits the BOP from correcting errors in an incident report. Last, he was not prejudiced by the errors and subsequent re-written Incident Report. See Briggs v. Marberry, 2008 WL 554927 (W.D.Pa. 2008) (question of prejudice to prisoner considered). The errors and re-written Incident Report did not prevent him from learning of the charge against him nor did they impaired his ability to present a full defense to the charge.

Spencer next maintains that he was not provided with a copy of a "staff delay form" each time the Incident Report was re-written.[2] The record suggests that he may be correct. In a February 19, 2013, Advisement of Incident Report Delay, a BOP official appears to acknowledge that Spencer was not given notice of a previously re-written Incident Report. See Document 13, Exhibit A, Attachment 3 at 13. The BOP official used the occasion of providing Spencer with the February 19, 2013, Advisement of Incident Report Delay to give him notice of the earlier re-written Incident Report. The apparent failure to give Spencer notice of every re-written Incident Report is not inconsequential but nevertheless warrants no relief for at least two reasons. First, BOP officials appear to have addressed the apparent failure to provide notice of one of the earlier re-written

---

[2]    It appears to be a BOP policy that a prisoner charged with a disciplinary must be notified each time the Incident Report is re-written.

Incident Reports. Although the record is not a model of clarity, it appears that the Incident Report was re-written on February 19, 2013, but the re-written report did not change the substance or nature of the Incident Report in any way. Instead, it appears to have been re-written so that BOP officials could provide the requisite notice. Second, notwithstanding the foregoing, BOP officials complied with the requirements of due process. Wolff v. McDonnell, 418 U.S. 539 (1974), requires that a prisoner be given written notice of the charge against him no less than twenty-four hours before the disciplinary hearing. See Harrison v. Dahm, 911 F.2d 37 (1990). The record reflects that Spencer received written notice of the charge against no less than twenty-four hours before the disciplinary hearing. See Document 13, Exhibit A, Attachment 3 at 2.

Spencer last maintains that his right to due process was violated because the DHO relied upon false information in convicting Spencer. He maintains the false information was a report prepared by a Lieutenant Price.

The requirements of due process are satisfied if, inter alia, "some evidence" supports the disciplinary decision to revoke a prisoner's good-time credits. See Johnson v. Outlaw, 489 Fed.Appx. 144 at 1 (8th Cir. 2012) [citing Superintendent v. Hill, 472 U.S. at 457]. This standard does not require an examination of the entire record, an independent assessment of the credibility of witnesses, or a weighing of the evidence. Instead, even if the evidence is meager, due process is satisfied as long as the record is not so devoid of evidence that the findings of the DHO are without support or otherwise arbitrary. See Id.

-8-

The undersigned has reviewed the record and is satisfied that some evidence supports the DHO's decision. The DHO could and did rely upon the report of the BOP staff member bitten by Spencer, the report of Lieutenant Price, and Spencer's own admissions. <u>See</u> Document 13, Exhibit A, Attachment 3 at 1-3. Assuming, <u>arguendo</u>, that Lieutenant Price's report was false, the report of the BOP staff member and Spencer's own admissions constitute some evidence to support the DHO's decision.

Given the foregoing, the undersigned finds that Spencer's claims warrant no relief. It is thus recommended that his petition be dismissed with prejudice, save his claim challenging the use of the "four-point restraints." That claim should be dismissed without prejudice. All requested relief should be denied, and judgment should be entered for Haynes.

DATED this __1___ day of October, 2013.


_____
UNITED STATES MAGISTRATE JUDGE