IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| ADDONES SPENCER, REG. #11060-027 | * * * | |
| Petitioner, | * | |
| vs. | * | No. 2:13-cv-00059-SWW-HDY |
| | * * | |
| ANTHONY HAYNES, Warden, FCI-Forrest City, | * * * | |
| Respondent. | * | |

ORDER

Before the Court is petitioner Addones Spencer's motion for a certificate of appealability [doc.#20]. A certificate of appealability certifies that the applicant has made a substantial showing of the denial of a constitutional right, that is, a showing that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See, *e.g., Carson v. Director of the Iowa Dept. of Correctional Services*, 150 F.3d 973, 975 (8th Cir. 1998).[1]

After reviewing the record in this case, this Court determines that the standard for a certificate of appealability is not met and that petitioner's motion seeking same should

---

[1] With respect to claims that are procedurally barred, the Eighth Circuit has summarized the factors to consider when determining whether a certificate of appealability should issue when a habeas claim is denied on procedural grounds: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)). See also *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

be and hereby is denied.

       IT IS SO ORDERED this 4th day of November 2013.

              <u>/s/Susan Webber Wright</u>
              UNITED STATES DISTRICT JUDGE